Justice Brian Morris
delivered the Opinion of the Court.
¶1 Ramon Kotwicki (Kotwicki) appeals from the sentence imposed by the Eighth Judicial District, Cascade County, following his conviction for five felony counts of criminal possession of dangerous drugs in violation of § 45-9-102, MCA, and four other misdemeanor drug offenses. We affirm.
*346 FACTUAL AND PROCEDURAL BACKGROUND
¶2 Law enforcement and probation officers performed a probation search of Kotwicki’s house in Great Falls. Kotwicki was not present at the search. Officers seized prescription pills, drugs, paraphernalia, and cash from Kotwicki’s house. Officers arrested Kotwicki the next day pursuant to a warrant for an alleged violation of his probation based on the results of the probation search. Officers found more drugs, paraphernalia, and cash on Kotwicki and in his car at the time of his arrest. Officers seized a total of $5,303.84 from Kotwicki.
¶3 The State charged Kotwicki with five felony counts of criminal possession of dangerous drugs and four misdemeanor drug offenses. The State did not charge Kotwicki, however, with possession of dangerous drugs with intent to distribute. Kotwicki was convicted on all charges following a bench trial. The State asked the court to sentence Kotwicki to prison time and recommended that the court impose a fine of $25,000. Kotwicki objected to the imposition of the $25,000 fine on the grounds that it would unfairly minimize the credit for time he spent in custody before trial. Kotwicki did not object to the fine on the grounds that the District Court failed to inquire whether he had the ability to pay.
¶4 The District Court classified Kotwicki as a persistent felony offender and sentenced him to prison terms for each of the five felony possession counts and jail time for the misdemeanor counts with the sentences to run concurrently. The court further sentenced Kotwicki to pay a fine of $25,000 and applied 391 days of time served toward the fine. The court also applied the $5,303.84 seized from Kotwicki toward his fine, leaving a balance of $1,010.31 for Kotwicki to pay. Kotwicki appeals on grounds that the District Court imposed an illegal sentence.
STANDARD OF REVIEW
¶5 We review a criminal sentence for legality only; that is, whether the sentence falls within the statutory parameters. State v. Borsberry, 2006 MT 126, ¶ 11, 332 Mont. 271, ¶ 11, 136 P.3d 993, ¶ 11.
DISCUSSION
¶6 Whether the District Court imposed an illegal sentence on Kotwicki.
¶7 Kotwicki argues that his sentence is illegal on two grounds. Kotwicki argues first that his sentence is illegal because the District Court failed to inquire and make specific findings as required by § 46-18-231(3), MCA, on Kotwicki’s financial resources before imposing the *347 $25,000 fine. Second, Kotwicki argues that the court’s failure to consider the factors stated in § 46-18-231(3), MCA, renders the court’s application of the seized $5,303.84 toward the $25,000 fine a violation of due process that also results in an illegal sentence. Kotwicki concedes that he did not object on these grounds at sentencing, but maintains that he may raise these issues for the first time on appeal based on our decision in State v. Lenihan, 184 Mont. 338, 602 P.2d 997 (1979).
¶8 We generally refuse to review on appeal an issue to which the party failed to object at the trial court. Lenihan, 184 Mont. at 341, 602 P.2d at 999. Our decision in Lenihan, however, provides an exception to the general rule and allows appellate review of a criminal sentence that is alleged to be illegal or in excess of statutory mandates, even if the defendant raised no objection in the trial court. Lenihan, 184 Mont. at 343, 602 P.2d at 1000.
¶9 Kotwicki argues that our decision in State v. McLeod, 2002 MT 348, 313 Mont. 358, 61 P.3d 126, compels application of the Lenihan rule in this case. We applied the Lenihan rule and reviewed the legality of McLeod’s sentence on appeal, even though McLeod lodged no objection to his sentence before the sentencing court. McLeod, ¶ 16. McLeod challenged the legality of his sentence on appeal on grounds that the sentencing court erroneously relied on misinformation in imposing his sentence. McLeod, ¶ 16. We upheld McLeod’s sentence based on the fact that McLeod’s failure to object to the mistake constituted a waiver. McLeod, ¶ 26.
¶10 We then considered McLeod’s challenge to the legality of the $1,000 fine that the sentencing court imposed, arguing that the court failed to comply with its statutory duty under § 46-18-231, MCA, to consider whether he had the ability to pay such a fine. McLeod, ¶ 28. We reversed the sentencing court’s imposition of the $1,000 fine, because the record failed to demonstrate that the sentencing court considered McLeod’s ability to pay a fine. McLeod, ¶ 35.
¶11 Kotwicki raises the Lenihan rule on identical grounds as those raised in McLeod’s challenge to the $1,000 fine imposed by the sentencing court. Kotwicki contends that the District Court failed to consider his ability to pay a $25,000 fine as required by § 46-18-231(3), MCA, thereby imposing an illegal sentence. Kotwicki contends that because we reviewed McLeod’s claim of an illegal sentence, we also must do so here.
¶12 We note, however, the absence of a Lenihan analysis in the Court’s review of McLeod’s challenge to the $1,000 fine. McLeod, ¶¶ *348 28-35. A closer look at McLeod reveals that we considered the Lenihan exception only in the context of McLeod’s argument that the sentencing court considered misinformation contained in a presentence report in imposing his allegedly illegal sentence. McLeod, ¶ 16. Without any analysis, we apparently extended the Lenihan rule to McLeod’s challenge to the imposition of the $1,000 fine, presumably because McLeod alleged it to be illegal. McLeod, ¶ 28.
¶13 A defendant generally need only allege that the court imposed an illegal sentence in order to invoke the Lenihan rule. State v. Garrymore, 2006 MT 245, ¶ 14, 334 Mont. 1, ¶ 14, 145 P.3d 946, ¶ 14. We consistentlyhave held that a sentence is not illegal if it falls within statutory parameters. Garrymore, ¶ 9. We also have determined that a sentencing court’s failure to abide by a statutory requirement rises to an objectionable sentence, not necessarily an illegal one that would invoke the Lenihan exception. See State v. Nelson, 274 Mont. 11, 20, 906 P.2d 663, 668 (1995); State v. Swoboda, 276 Mont. 479, 482, 918 P.2d 296, 298 (1996).
¶14 Both Nelson and Swoboda involve situations where the trial court failed to consider sentencing alternatives as required by § 46-18-225, MCA, before imposing a prison sentence upon a nonviolent offender. The defendants in each case failed to object to the court’s error at the sentencing hearing. The court in both instances sentenced the defendants to a term of imprisonment. Nelson, 274 Mont. at 20, 906 P.2d at 668; Swoboda, 276 Mont. at 482, 918 P.2d at 298.
¶15 The defendants in Nelson and Swoboda both attempted to invoke the Lenihan rule on appeal, arguing that the Court should review their sentences, even though they failed to raise an objection in district court. Each defendant argued that the district court imposed an illegal sentence in light of the court’s failure to abide by the statutory requirements. Nelson, 274 Mont. at 20, 906 P.2d at 668; Swoboda, 276 Mont. at 482, 918 P.2d at 298. In each case, we held that the court, after considering the requirements of § 46-18-225, MCA, legally could have sentenced Nelson and Swoboda to prison, thus the sentences failed to meet the illegality requirement for applying the Lenihan rule. Nelson, 274 Mont. at 20, 906 P.2d at 668; Swoboda, 276 Mont. at 482, 918 P.2d at 298.
¶16 We decline to apply the Lenihan rule here based on our reasoning in Nelson and Swoboda. The District Court, had it considered the statutory requirements of § 46-18-231(3), MCA, legally could have imposed a $25,000 fine upon Kotwicki. Section 46-18-231, MCA, authorizes the court to impose a fine not to exceed $50,000 for *349 each felony offense in addition to or in lieu of a term of imprisonment. Kotwicki’s fine of $25,000 falls within the parameters of that statute, and thus Kotwicki’s sentence is not an illegal sentence for the purposes of invoking the Lenihan rule.
¶17 The Dissent suggests that our decision to exclude Kotwicki’s argument from Lenihan review “conflicts with our decision in Garrymore.” See ¶ 24. Our decision to deny Lenihan review of Kotwicki’s claim, however, neither overturns Garrymore, nor contradicts our pronouncement in Garrymore that “it would ultimately undermine the efficacy of the sentencing process to reject appellate review of sentences where the defendant objected in the district court and changed his theory on appeal, yet allow appellate review of sentences where no objection is made, thereby creating an institutional incentive for defendants to remain silent during sentencing.” Garrymore, ¶ 13.
¶18 Conversely, allowing appellate review of objectionable, but otherwise legal sentences that had not been raised in district court also would encourage silence during the sentencing process. Appellate review under the Lenihan exception, therefore, depends only on whether the defendant raises a plausible allegation that his sentence is illegal, not whether such an argument constitutes a change of theory on appeal. Lenihan, in fact, allows review of a change of theory on appeal, regardless of whether the defendant raised the objection at sentencing, as long as such a change of theory alleges that the sentencing court imposed an illegal sentence.
¶19 We employed the Lenihan exception and allowed appellate review in Garrymore because the defendant raised a plausible argument that the district court imposed an illegal sentence that fell outside of the statutory parameters. The State argued against application of the Lenihan exception on the grounds that Garrymore’s sentence fell within statutory parameters. Garrymore, ¶ 15. The State offered no analysis, however, in support of its contention that Garrymore’s sentence fell within the statutory limits. Garrymore, ¶ 15. We decided, therefore, to review Garrymore’s constitutional challenge to his sentence based on his argument that the sentence exceeded statutory bounds. Garrymore, ¶¶ 15-16, 23.
¶20 Garrymore argued that a parole eligibility restriction amounted to an illegal sentencing enhancement because it required a factual determination by a jury, not a sentencing judge. Garrymore, ¶ 16. Garrymore contended that his sentence exceeded statutory parameters authorized by § 45-5-102(2), MCA, and violated his rights under the *350 Sixth and Fourteenth Amendments to the United States Constitution and Article II of the Montana Constitution. Garrymore’s claim of an illegal sentence allowed us to address the merits of his claim that the parole eligibility restrictions imposed by the district court violated the rule set forth in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). Garrymore, ¶ 15.
¶21 Kotwicki makes no colorable claim here for an illegal sentence. Kotwicki’s sentence does not fall outside statutory parameters based on our reasoning in Nelson and Swoboda. We recognize that § 46-18-231(3), MCA, requires the District Court to consider Kotwicki’s ability to pay a fine as well as other factors, including the burden imposed by the fine and the nature of the offense. The record indicates that the District Court actually may have considered such factors in imposing the fine against Kotwicki. For example, Parole and Probation Officer James Clancy (Clancy) testified at Kotwicki’s sentencing hearing that Kotwicki maintained employment as a construction worker. Clancy also testified that Kotwicki explained that the cash found in his possession recently had been withdrawn from his personal savings account. The court noted that it was “quite a sum of money,” and that it was “possible” that Kotwicki had earned and saved the cash through his job as a laborer. The court could have considered Kotwicki’s ability to pay through the determination that Kotwicki had maintained employment over the years and had in his possession a large sum of cash. We will never know for sure, however, if the court considered such factors because the court made no specific findings as to Kotwicki’s ability to pay. As a result, we assume that the court failed to consider Kotwicki’s financial condition. We conclude that the court’s failure to consider the factors as stated in § 46-18-231(3), MCA, however, constituted an objectionable sentence, not an illegal sentence. Kotwicki did not object to the court’s sentence on the grounds that it failed to consider his financial position to pay such a fine.
¶22 Kotwicki’s failure to object to the court’s oversight of Kotwicki’s ability to pay the $25,000 fine constituted a waiver that prevents us from reviewing the issue on appeal. A failure to raise an issue before the district court bars the defendant from raising the issue on appeal. Section 46-20-104, MCA. Kotwicki, although alleging an “illegal sentence,” fails to present a colorable claim that his sentence fell outside statutory parameters as to warrant our review under the Lenihan rule. Thus, we decline to consider Kotwicki’s sentence on appeal on both grounds raised.
¶23 Affirmed.
*351 CHIEF JUSTICE GRAY, JUSTICES WARNER and RICE concur.