DA 07-0100

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2008 MT 78N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

RICHARD HOOD,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADC-05-311
Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Jim Wheelis, Chief Appellate Defender; Shannon L. McDonald
Assistant Appellant Defender, Helena, Montana

      For Appellee:

            Hon. Mike McGrath, Attorney General; Mark Mattioli, Assistant
Attorney General, Helena, Montana

            Brant Light, Cascade County Attorney; Joel Thompson, Deputy
County Attorney, Great Falls, Montana

Submitted on Briefs:  January 16, 2008

Decided:  March 4, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Richard Hood appeals from a restitution sentencing condition imposed following his conviction of the offense of arson in the Eighth Judicial District Court, Cascade County. We affirm.

¶3    Hood argues the sentencing condition requiring him to pay over $92,000 in restitution (1) is illegal under applicable statutes, (2) is an unconstitutionally excessive fine for which he seeks plain error review, and (3) violates his right to due process because one cannot be required to pay restitution at a rate greater than one can reasonably bear.

¶4    Hood's arguments on appeal were not raised in the District Court. Indeed, no objections were made to the restitution condition.

¶5    Generally, we refuse to review a sentencing issue on appeal when the defendant failed to raise the issue in district court via an objection. *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, ¶ 8, 151 P.3d 892, ¶ 8 (citation omitted). Hood's due process claim is, moreover, premature, because nothing of record indicates Hood's suspended sentence has been revoked for failure to pay restitution despite his good faith efforts.

¶6     Restitution was statutorily required in this case and, therefore, the restitution Hood was ordered to pay is within statutory parameters. The other claimed errors do not go to the legality of the sentence, but only to alleged statutory errors. *See Kotwicki*, ¶ 16. Thus, Hood's claims are not within the *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979), exception to the requirement that claims for review of a sentencing issue must first have been raised in the district court by way of an objection. Finally, we decline to exercise plain error review because we use that inherent power sparingly and only under narrow criteria not present here. *See State v. Upshaw*, 2006 MT 341, ¶ 12, 335 Mont. 162, ¶ 12, 153 P.3d 579, ¶ 12 (citation omitted).

¶7     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issues are clearly controlled by settled Montana law.

¶8     Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS