DA 07-0427

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 322N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

DANIEL CONRAD OLD ELK, JR.,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
In and For the County of Big Horn, Cause No. DC 2005-035
Honorable Blair Jones, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Jim Wheelis, Chief Appellate Defender, Helena, Montana

      For Appellee:

         Hon. Mike McGrath, Montana Attorney General, Sheri K. Sprigg,
Assistant Attorney General, Helena, Montana

         Georgette Lynn Hogan, Big Horn County Attorney, Hardin, Montana

Submitted on Briefs:  July 8, 2008

Decided:  September 16, 2008

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The State charged Daniel C. Old Elk, Jr., on August 12, 2005, with three offenses: operating a motor vehicle while under the influence of alcohol or drugs ("DUI"), fourth or subsequent offense, a felony; driving while license suspended or revoked, a misdemeanor; and operating a motor vehicle without proper registration, a misdemeanor. The facts underlying these offenses occurred on or about August 11, 2005.

¶3 Old Elk ultimately pleaded guilty to the two misdemeanor charges, and a jury convicted him of the felony DUI charge. Thereafter, the District Court for the Twenty-Second Judicial District, Big Horn County, sentenced Old Elk on the DUI charge to the Department of Corrections ("DOC") for a period of thirteen months, with a recommendation that he be placed in the Warm Springs Addiction Treatment and Change ("WATCh") Program. Any portion of the thirteen-month sentence that remained after his successful completion of the WATCh Program was to be served on probation, followed by a commitment to the DOC for a period of five years, all suspended. On the charges of driving while suspended or revoked and driving without proper registration, the District Court imposed six-month terms in the Big Horn County Detention Facility, portions of

2

which were suspended, and both of which were to run concurrently with the sentence on the DUI charge. The court also imposed fines and surcharges.

¶4 On appeal, Old Elk challenges two conditions on his suspended sentences. Condition 7 states: "Defendant shall obtain permission from his Probation and Parole Officer before financing or purchasing a vehicle, property, or engaging in business. Defendant shall not go into debt without his Probation and Parole Officer's permission. Restitution, child support, fines and fees will be the Defendant's priority financial obligations." Condition 18 states: "Defendant will not enter any casinos or play any games of chance."

¶5 Old Elk acknowledges that he did not object in the District Court to the imposition of these conditions. He points out, however, that this Court will review a criminal sentence that is alleged to be illegal or in excess of statutory mandates, even if the defendant raised no objection at the time of sentencing. *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979); *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, ¶ 8, 151 P.3d 892, ¶ 8. A defendant's allegation of illegality, however, must be "plausible." *Kotwicki*, ¶ 18 ("Appellate review under the *Lenihan* exception . . . depends only on whether the defendant raises a plausible allegation that his sentence is illegal . . . .").

¶6 We have considered Old Elk's arguments on appeal, and we conclude that he has not raised a plausible allegation that Condition 7 and Condition 18 are illegal. Consequently, he has not met the threshold requirement for invoking the *Lenihan* exception. *Kotwicki*, ¶ 18.

¶7 On the basis of the record and having considered the parties' arguments, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of this Court's 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that this appeal is without merit.

¶8 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JOHN WARNER