JUSTICE WARNER
delivered the Opinion of the Court.
¶1 David Reko Hernandez was convicted in the Thirteenth Judicial District Court, Yellowstone County, of sexual assault on a child. He was sentenced to serve twenty-five years at Montana State Prison with the last ten years of the sentence suspended and was designated a Level III Offender and a Sexually Violent Predator. Hernandez appeals from the imposition of a condition on his suspended sentence which restricts his entering into some financial transactions.
¶2 In its sentencing order, over the objection of Hernandez, the District Court ordered, as a condition of the suspension of the last ten years of his sentence, that:
The Defendant will obtain permission from his Probation & Parole Officer before financing or purchasing a vehicle, property, or engaging in business. The Defendant will not go into debt without his Probation & Parole Officer’s permission. Restitution, child support, fines, and fees will be the Defendant’s priority financial obligations.
Hernandez appeals the District Court’s imposition of this condition on his suspended sentence.
¶3 Generally, we review a criminal sentence for legality only; that is, whether the sentence falls within the statutory parameters. State v. Kotwicki, 2007 MT 17, ¶ 5, 335 Mont. 344, 151 P.3d 892. A sentencing judge may impose upon the offender reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society. Sections 46-18-20 l(4)(o), -202(l)(f), MCA. While this Court generally reviews a sentence for legality only, we may review the reasonableness of conditions imposed under § 46-18-201(4)(o), -202(l)(f), MCA, for abuse of discretion, if the conditions are objected to at sentencing. State v. Ashby, 2008 MT 83, ¶¶ 9, 22, 342 Mont. 187, 179 P.3d 1164. For a condition to be reasonable, it must have a nexus to either the offender or the offense. Ashby, ¶ 15. Hernandez argues on appeal that because the condition of his suspended sentence restricting financial transactions has no nexus to either himself or to the offense, the District Court erred in imposing it. ¶4 The condition on Hernandez’s suspended sentence at issue here *113 was not imposed under § 46-18-201(4)(o) or under §46-18-202(l)(f), MCA. Rather, it was imposed under the legislative authority in §46-23-1002(3), MCA, which provides that the Montana Department of Corrections has the power to:
[A]dopt rules for the conduct of persons placed on parole or probation, except that the department may not make any rule conflicting with conditions of parole imposed by the board or conditions of probation imposed by a court.
Section 46-23-1002(3), MCA.
¶5 ARM 20.7.1101(6) provides that as a condition of probation:
The offender must obtain permission from his/her supervising officer before engaging in business, purchasing real property, purchasing an automobile, or incurring a debt.
¶6 The condition on Hernandez’s suspended sentence, that he obtain the permission of his supervising officer before engaging in certain financial transactions, is authorized by statute and rule. Thus, the Ashby requirement of a nexus to the offender or to the offense does not apply. Ashby, ¶ 14-15.
¶7 Section 46-23-1002(3), MCA, provides that a standard condition of probation which the Department of Corrections adopts by rule, may not conflict with conditions imposed by a sentencing court. Thus, a standard condition adopted by the Department of Corrections will be included as a condition of a probationary sentence unless the District Court determines, in the exercise of its discretion, that a standard condition is inappropriate under the sentence it is imposing. We will review the sentencing judge’s conclusion that a standard condition should or should not be imposed for an abuse of discretion. An abuse of discretion occurs when a district court acts arbitrarily without conscientious judgment or exceeds the bounds of reason. State v. McLaughlin, 2009 MT 211, ¶ 9, 351 Mont. 282, 210 P.3d 694.
¶8 Hernandez’s only objection to the imposition of the condition in question was that it is not related to his offense. He offered nothing which indicated that such condition would impose a hardship on him. The sentencing judge considered the facts that Hernandez’s priority financial obligations while serving the suspended portion of his sentence would be restitution, child support, fines, and fees; that his probation officer could authorize any reasonable financial transaction; and that oversight was appropriate because his handling money and material possessions could cause Hernandez problems while on probation. Thus, the District Court declined to delete the condition of probation that Hernandez must obtain permission from his Probation *114 & Parole Officer before financing or purchasing a vehicle or property, engaging in business, or incurring debt. We conclude that the District Court did not act arbitrarily without conscientious judgment or exceed the bounds of reason in imposing such condition.
¶9 Affirmed.
CHIEF JUSTICE McGRATH, JUSTICES RICE and MORRIS concur.