CHIEF JUSTICE McGRATH,
specially concurring.
¶23 For the purposes of this opinion, I concur with the result.
¶24 The sentence imposed here was authorized by Montana law. See §§ 46-18-201 and 202, MCA. I would review sentences generally for legality only. See State v. Hernandez, 2009 MT 341, ¶¶ 10-16, 353 *293 Mont. 111, 220 P.3d 25 (McGrath, C.J., concurring). However, where as here, a sentence of less than one year of incarceration is ineligible for Sentence Review under § 46-18-903(1), MCA, I would review for abuse of discretion.
¶25 Section 46-18-201(4)(o), MCA, authorizes a sentencing judge, when deferring imposition or suspending execution of a sentence, to impose “any reasonable restrictions or conditions during the period of the deferred imposition or suspension of sentence,” which may include “any other reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society.” The sentence imposed here requiring Zimmerman to remove his pets from Teton County is clearly authorized to protect the community from the public nuisance that resulted from Zimmerman’s inability to care for his pets. The District Court did not abuse its discretion in imposing this legally-authorized sentence. Further nexus analysis by this Court undercuts a district court’s discretion, is not required by the Montana Constitution, and could undermine Montana’s broad sentencing goals.