

DA 09-0451

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2010 MT 172N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

PAMELA JO POLEJEWSKI,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DC 09-107
Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Thane Johnson, Sarah D. Simkins, Johnson, Berg, McEvoy
& Bostock, PLLP, Kalispell, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General, Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

          John Parker, Cascade County Attorney, William E. Rideg, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  July 14, 2010

Decided:  August 9, 2010

Filed:

_____
                     Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Pamela Jo Polejewski (Polejewski) appeals from an order of the Eighth Judicial District Court affirming the revocation of her suspended sentence by the Cascade County Justice Court. We affirm.

¶3 On January 29, 2006, the Justice Court imposed a suspended sentence totaling 5 years after Polejewski entered a guilty plea to 9 counts of misdemeanor failure to vaccinate animals, 9 counts of misdemeanor failure to have license tags, and one count of cruelty to animals. The Justice Court imposed 6 months for each violation of failure to vaccinate, and 6 months for each violation of failure to have license tags. The suspended sentences for each violation of failure to vaccinate were ordered to run consecutively. The suspended sentences for each violation of failure to have license tags were ordered to run concurrently with the failure to vaccinate sentences. The Justice Court also sentenced Polejewski to 6 months for cruelty to animals and ordered the sentence from this count to run consecutively to the sentences on the other charges. Polejewski's suspended sentence was made subject to a number of conditions related to her ability to own and care for animals.

¶4     Polejewski subsequently violated the conditions of her suspended sentence.  On December 18, 2006, the Justice Court revoked her suspended sentence and resentenced her.  This time the Justice Court the imposed the sentences for all counts consecutively, meaning that the total term of the suspended sentence was now increased to 9 years.  The Justice Court also imposed more restrictions on Polejewski's ability to possess or own animals.

¶5     Polejewski violated the terms of her suspended sentence a second time.  On January 30, 2009, the Justice Court revoked Polejewski's second sentence and resentenced her.  This time, the Justice Court gave Polejewski 1 month each for 8 violations of failure to vaccinate, 1 month each for 9 violations of failure to have license tags, and 6 months for cruelty to animals.  The Justice Court ordered all the sentences to run consecutively, meaning that the total term of the suspended sentence was now 23 months.  The Justice Court also relaxed some of the previous conditions of the suspended sentence.  Polejewski appealed her sentence to the District Court.  The District Court affirmed the legality of the sentence.

¶6     Polejewski now appeals from the District Court's decision to affirm her sentence.  Polejewski argues that her December 2006 re-sentencing was illegal because by allowing the punishment for each count to run consecutively, the court imposed a greater term than the original sentence imposed in January 2006.  Polejewski argues that the District Court erred in affirming this illegal sentence when it resentenced her to consecutive sentences in January 2009.  In light of the original sentence imposed in January 2006, Polejewski

contends the Justice Court could only impose concurrent sentences for each violation of failure to vaccinate and failure to have license tags.

¶7 In response, the State notes that Polejewski never challenged the legality of the December 2006 sentence. The State concedes that the sentence imposed on Polejewski in December 2006 was likely contrary to the sentencing statutes. *See* § 46-18-203(7)(a)(iii), MCA ("If the judge finds that the offender has violated the terms and conditions of the suspended or deferred sentence, the judge may . . . revoke the suspension of sentence and require the offender to serve either the sentence imposed or any sentence that could have been imposed that does not include a longer imprisonment or commitment term than the original sentence . . . ."). However, the State argues that the January 2009 sentence, which controls at this point, is within statutory parameters and constitutes a legal sentence. Thus, the State argues Polejewski's sentence should be affirmed under *State v. Kotwicki*, 2007 MT 17, 335 Mont. 344, 151 P.3d 892.

¶8 "We generally refuse to review on appeal an issue to which the party failed to object at the trial court. [*State v. Lenihan*, 184 Mont. 338, 341, 602 P.2d 997, 999 (1979)]. Our decision in *Lenihan*, however, provides an exception to the general rule and allows appellate review of a criminal sentence that is alleged to be illegal or in excess of statutory mandates, even if the defendant raised no objection in the trial court." *Kotwicki*, ¶ 8. However, "[w]e also have determined that a sentencing court's failure to abide by a statutory requirement rises to an objectionable sentence, not necessarily an illegal one that would invoke the *Lenihan* exception." *Kotwicki*, ¶ 13.

4

¶9 Assuming the Justice Court failed to abide by statutory requirements and imposed an objectionable sentence in December 2006, that sentence was never appealed and does not invoke the *Lenihan* exception pursuant to our decision in *Kotwicki*. Moreover, the sentence imposed in January 2009 is legal and within statutory parameters. In January 2006, Polejewski was sentenced to a term of 5 years. In January 2009, that term was decreased to 23 months. Thus, Polejewski was not sentenced in 2009 to a greater term of imprisonment than that originally imposed.

¶10 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the record before us that the District Court did not err in affirming the revocation of Polejewski's suspended sentence and her resentencing in Justice Court. Affirmed.

/S/ PATRICIA COTTER

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE