JUSTICE RICE
concurs in part and dissents in part.
¶20 I agree with Justice Cotter that the alcohol-related conditions imposed here fail the nexus test established in our case precedent, and thus I cannot concur with the Court’s decision to affirm on that basis. The State argues alternatively that the condition prohibiting Green from possessing alcohol or illegal drugs is a standard probationary condition promulgated by the Department of Corrections (DOC) pursuant to statutory authority, a process we approved in State v. Hernandez, 2009 MT 341, ¶ 7, 353 Mont. 111, 220 P.3d 25, subject to review of the imposition of such conditions for abuse of discretion. Mont. Admin. R. 20.7.1101(9) provides an offender Is prohibited from using or possessing alcoholic beverages and illegal drugs. The offender is required to submit to bodily fluid testing for drugs or alcohol on a random or routine basis and without reasonable suspicion.” Given the dangerously violent potential Green exhibits because of his psychological condition, I believe the District Court did not abuse its discretion by imposing this standard DOC condition, and I would affirm it pursuant to Hernandez.
*521 ¶21 The State acknowledges that the DOC has not promulgated standard rules requiring probationers to undergo chemical dependency evaluations or prohibiting them from entering places where alcohol is the chief item for sale. Thus, they are subject to application of the nexus test, and I believe reversal of these conditions is required by stare decisis.