DA 11-0512

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 112N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

WENDY KRUSE,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC-10-422
Honorable Julie Macek, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

          Joseph P. Howard, Attorney at Law, Great Falls, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Tammy K Plubell, Assistant
Attorney General, Helena, Montana

          Joel Thompson, Special Deputy Cascade County Attorney, Helena, Montana


Submitted on Briefs:  April 17, 2012

Decided:  May 22, 2012


Filed:

_____
               Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Wendy Kruse (Kruse) appeals a sentencing order entered by the Eighth Judicial District, Cascade County, after Kruse was found guilty by a jury of tampering with evidence.

¶3      On November 23, 2010, Bradley, Kruse's husband, was sentenced to prison after having pled guilty to a charge of incest because he had sexually abused his stepdaughter and Kruse's daughter, K.M. During the investigation of this crime, the Cascade County Sheriff's office interviewed K.M. and her two siblings. K.M. described how Bradley would watch pornographic DVD movies with his stepchildren. During these viewings, Bradley was naked and sexually aroused. K.M. stated the DVDs were stored in a cabinet next to a pink recliner in the living room. K.M.'s older sister confirmed there were pornographic DVDs in the home. Bradley also had two large pornographic posters in his bedroom, and there were stacks of pornographic magazines in the bedroom shared by K.M. and her sister.

¶4      Based on this information, Deputy Antonich, of the Cascade County Sheriff's Office, obtained a search warrant for the Kruse residence. When deputies executed the search warrant, the interior of the home was exactly as K.M. and her sisters had described it, including a cabinet next to a pink recliner. The deputies, however, did not find any pornographic movies, posters or magazines, except for one Playboy in Bradley's bedroom.

2

¶5     When the deputies did not find any of the pornographic materials, Deputy Antonich became concerned and decided to interview Kruse. Deputy Antonich interviewed Kruse for the first time on October 10, 2008. During this interview Kruse stated that she and her husband did not have any pornography, but that they may have rented a movie or two in the past.

¶6     Because Kruse was adamant that there were no pornographic materials at the family home, Deputy Antonich decided to interview the girls a second time. The girls maintained there was pornographic material in the home consistent with their initial interviews. Deputy Antonich then interviewed Kruse a second time, and she admitted that she had burned the pornographic DVDs and posters, and gotten rid of the pornographic magazines.

¶7     As a result of her actions, Kruse was charged on November 9, 2010, with tampering with evidence in violation of § 45-7-207, MCA. Kruse pled not guilty and proceeded to a jury trial on May 2, 2011, where she was found guilty. Kruse was sentenced on July 6, 2011, to ten years at the Montana State Women's Prison, the maximum allowable.

¶8     In reaching its decision to impose the maximum penalty, the District Court considered a letter from K.M. advocating her mother receive the maximum sentence, testimony from K.M.'s aunt and natural father, the correctional and sentencing policies for the State of Montana, and all of the information contained within the presentence investigation report (PSI). The PSI showed that Kruse had no significant criminal history. Kruse did not call any witnesses and chose not to make a statement. The court also acknowledged that it had alternatives to a prison sentence. Considering this information, the District Court judge

3

described Kruse's actions as the most egregious tampering with physical evidence she had ever seen in thirty years of experience in the court system and sentenced Kruse to the maximum allowable.

¶9 Kruse appeals her sentence because she believes the District Court failed to take into account alternatives to prison as required by § 46-18-225, MCA. Kruse, however, failed to object to her imprisonment based on the court's failure to consider sentencing alternatives pursuant to § 46-18-225, MCA.

¶10 It is well established that on direct appeal the appellant is limited to those issues that were properly preserved in the district court. *In re K.M.G.*, 2010 MT 81, ¶ 36, 356 Mont. 91, 229 P.3d 1227; *State v. Kotwicki*, 2007 MT 17, ¶ 8, 335 Mont. 344, 151 P.3d 892; *State v. Swoboda*, 276 Mont. 479, 481, 918 P.2d 296, 298 (1996); *State v. Nelson*, 274 Mont. 11, 16, 906 P.2d 663, 666 (1995). An exception to this general rule is that an appellate court may review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing. *Kotwicki*, ¶ 8 (citing *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979).

¶11 Both *Nelson* and *Swoboda* involved situations where, as here, the trial court failed to consider alternatives as required by § 46-18-225, MCA, before imposing a prison sentence on a nonviolent offender. *Nelson*, 274 Mont. at 17, 906 P.2d at 665; *Swoboda*, 276 Mont. at 480-81, 918 P.2d at 297. In each case, the defendant failed to object to the court's error at the sentencing hearing, yet challenged their sentence on appeal as illegal because it failed to consider sentences alternative to prison. *Nelson*, 274 Mont. at 17-18, 906 P.2d at 668;

4

*Swoboda*, 276 Mont. at 482, 918 P.2d at 298.  In both cases, we held that the court, after considering the requirements of § 46-18-225, MCA, legally could have sentenced Nelson and Swoboda to prison, thus the sentences failed to meet the illegality requirement or exceed statutory mandates.  *Nelson*, 274 Mont. at 20, 906 P.2d at 668; *Swoboda*, 276 Mont. at 482, 918 P.2d at 298.

¶12    Accordingly, as in *Nelson* and *Swoboda*, Kruse's failure to object to the District Court's failure to consider alternatives resulted in a waiver of her right to challenge her sentence for that reason on appeal, and we will not review her sentence unless it is illegal or exceeds statutory mandates.  Kruse's sentence, however, is neither illegal nor does it exceed statutory authority.  Although § 46-18-225, MCA, requires consideration of alternatives to imprisonment, such consideration would not have necessarily changed the court's final sentence for Kruse.  Kruse's sentence of ten years is not in excess of the maximum statutorily authorized by § 45-7-207(2), MCA.

¶13    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions.


¶14    Affirmed.


                                        /S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH

5

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JIM RICE