DA 13-0019

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 124N

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

DESIREE M. PEONE,

        Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Twentieth Judicial District, In and For the County of Lake, Cause No. DC 12-6 Honorable Deborah Kim Christopher, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

           Wade Zolynski, Chief Appellate Defender, Koan Mercer, Assistant Appellate Defender, Sarah Lockwood, Law Student, Helena, Montana

      For Appellee:

           Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant Attorney General, Helena, Montana

           Mitch Young, Lake County Attorney, James A. Lapotka, Deputy Lake County Attorney, Polson, Montana

                      Submitted on Briefs: April 23, 2014
                             Decided: May 7, 2014

Filed:

_____

                      Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Desiree Peone pleaded guilty in the Twentieth Judicial District Court, Lake County, to criminal possession of dangerous drugs (methamphetamine), a felony, in violation of § 45-9-102, MCA. Peone appeals, arguing that the District Court failed to recognize that it had statutory authority to impose a different sentence. We affirm.

¶3 At the sentencing hearing, Peone argued for a deferred imposition of sentence with outpatient treatment for her coexisting mental health and chemical dependency issues. The State, conversely, recommended a commitment to the Department of Corrections (DOC) based on Peone's need for a secure treatment setting. Ultimately, the District Court sentenced Peone to DOC for four years. The court recommended that Peone be considered for a conditional release once she satisfies the treatment requirements under her mental health counseling and chemical dependency counseling.

¶4 On appeal, Peone does not contend that her sentence is illegal. She instead argues that the District Court wanted to place her in a secure treatment facility *and* to give her a deferred imposition of sentence, but the court mistakenly believed that it lacked statutory authority to do both. Peone asserts that she is a "classic candidate" for a deferred sentence, and she argues that § 46-18-201(4)(h), MCA, authorizes a sentencing court to

impose placement in a secure community treatment facility as a condition of a deferred sentence. She asks that we remand for resentencing.

¶5 The State responds that Peone did not present this argument to the District Court at sentencing. More specifically, Peone did not ask the District Court to consider the applicability of § 46-18-201(4)(h), MCA. The State also argues that the sentencing alternatives set forth in § 45-9-202, MCA, control over § 46-18-201(4)(h), MCA, and that "commitment to a residential drug treatment facility" under § 45-9-202(2)(b), MCA, does not apply here because the District Court determined that Peone needed to be placed in a secure setting. Finally, the State argues that the presumption of a deferred sentence under § 45-9-102(7), MCA, for a person convicted of a first violation of § 45-9-102, MCA, was rebutted by the evidence presented at the sentencing hearing. The State notes that Peone has already had outpatient treatment opportunities, which were not successful. She has previously failed probation both as a juvenile and as an adult. The opinion of her previous probation officer, who has worked with Peone since she was a juvenile, was that Peone needed inpatient treatment. Peone's criminal history includes offenses that endangered the public, thus indicating a need to place her in a secure setting. In the present offense, Peone possessed drug paraphernalia and methamphetamine, appeared to be under the influence of methamphetamine at the time of the traffic stop, and had a sawed-off shotgun next to her in the vehicle. Also, many of Peone's stressors (such as family members with mental health issues) were in Lake County.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. We

3

review criminal sentences that include at least one year of actual incarceration for legality only. *State v. Wilson*, 2011 MT 277, ¶ 18, 362 Mont. 416, 264 P.3d 1146. Peone's sentence falls within statutory parameters and, thus, is not illegal. Section 45-9-102(6), MCA (2011). Furthermore, a review of the record demonstrates that, in addition to Peone's rehabilitation, the District Court was concerned with imposing a penalty, holding Peone accountable for her actions, and protecting public safety. We do not construe the District Court's remarks at the sentencing hearing as reflecting a misunderstanding of the relevant sentencing provisions. Finally, although the District Court may have had authority to sentence Peone in the manner she requests, Peone failed to present her argument under § 46-18-201(4)(h), MCA, to the court at sentencing. She thereby forfeited the claim for purposes of appeal. *State v. Kotwicki*, 2007 MT 17, ¶¶ 13-16, 335 Mont. 344, 151 P.3d 892; *State v. Charlie*, 2010 MT 195, ¶ 35, 357 Mont. 355, 239 P.3d 934.

¶7     Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ BETH BAKER

4