DA 13-0604

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 289N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

JEREMY ALLEN WUNDERLICH,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                  In and For the County of Flathead, Cause No. DC 12-173C
                  Honorable Heidi Ulbricht, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Johnna K. Baffa, Van de Wetering & Baffa, P.C., Missoula, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
                Attorney General, Helena, Montana

                Ed Corrigan, Flathead County Attorney, Alison E. Howard, Deputy County
                Attorney, Kalispell, Montana

                        Submitted on Briefs:  September 17, 2014
                                  Decided:  October 28, 2014

Filed:

                              Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In December 2010, Jeremy Wunderlich entered the Kalispell home of James Handcock and stole guns, a computer and a set of binoculars, among other things. Wunderlich and his roommate sold or pawned these stolen items. Following the issuance of an Information and a Warrant of Arrest on April 20, 2012, Wunderlich was arrested and charged with felony burglary. Wunderlich initially entered a not guilty plea in July 2012. Subsequently, the State agreed to amend the information to felony theft and in February 2013, Wunderlich changed his plea to guilty.

¶3 In March 2013, Handcock submitted an affidavit claiming the value of his loss from Wunderlich's theft was $1,135. Handcock provided no documentation to support his claimed value. Wunderlich requested a restitution hearing intending to contest Handcock's values. This hearing was scheduled for May 14, 2013, but the State was granted a continuance. On June 6, 2013, the court conducted a "hearing in aggravation or mitigation of punishment." Wunderlich was aware that Handcock was not present at the hearing. A detailed discussion of Wunderlich's restitution obligation was conducted in open court. Wunderlich presented documentation supporting lower replacement values than the values presented by Handcock.

¶4    At the conclusion of the hearing, the court sentenced Wunderlich to three years, suspended, subject to certain conditions. He was ordered to pay $1,135 restitution to Handcock as well as public defender fees of $800, suspended, and a supervision fee. The court issued its Judgment and Sentence on July 22, 2013. Wunderlich filed a Notice of Appeal on September 10, 2013.

¶5    Wunderlich argues on appeal that the court erred when it based its award of restitution on Handcock's affidavit because the record contains no evidence substantiating Handcock's submitted values. Wunderlich also claims he was denied the opportunity to cross-examine Handcock. He asserts that we should reverse the District Court's ruling based upon these grounds.

¶6    Under § 46-18-201(5), MCA, the District Court must require "payment of full restitution to the victim" who has sustained a pecuniary loss. "Pecuniary loss" is defined, in part, as "the full replacement cost of property taken . . . as a result of the offender's criminal conduct." Section 46-18-243(1)(b), MCA. Section 46-18-242(1), MCA, provides that whenever the court believes that a victim has sustained a pecuniary loss, the court must order that "an affidavit that specifically describes the victim's pecuniary loss and the replacement value in dollars of the loss" be submitted by the victim and provided to the court with the pre-sentencing investigation and report.

¶7    Since October 1, 2003, § 46-18-242(1)(b), MCA, has not required "documentation of the victim's pecuniary loss"; rather, as noted above, an affidavit specifically describing the victim's pecuniary loss is sufficient. *See State v. McMaster*, 2008 MT 268, ¶ 29, 345 Mont.

3

172, 190 P.3d 302; *State v. Aragon*, 2014 MT 89, ¶ 12, 374 Mont. 391, 321 P.3d 841. Therefore, the court's award of restitution based upon Handcock's affidavit is not erroneous.

¶8       Additionally, we are not persuaded by Wunderlich's claim that the District Court should be reversed based upon Wunderlich's inability to cross-examine Handcock. It was apparent that Handcock was not present at the June 6 hearing and there was substantial discussion pertaining to his absence. Wunderlich nonetheless chose to proceed with the hearing knowing he would not be able to cross-examine Handcock. Because Wunderlich did not raise this objection in the District Court, he may not raise it here. It is well-established that we will not review an issue to which a party has failed to object and preserve for appeal. *State v. Kotwicki*, 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 892.

¶9       We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issue in this case is legal and is controlled by settled Montana law which the District Court correctly interpreted.

¶10       Affirmed.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

4