FILED

March 8 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0440

DA 15-0440

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 60N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MARK E. BROWN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                    In and For the County of Yellowstone, Cause No. DC 10-626
                    Honorable Ingrid Gustafson, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Mark E. Brown (self-represented); Deer Lodge, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
                Attorney General; Helena, Montana

                Scott Twito, Yellowstone County Attorney, Robert S. Spoja, Deputy
                County Attorney; Billings, Montana

Submitted on Briefs:  February 10, 2016
            Decided:  March 8, 2016

Filed:

_____
                Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Mark E. Brown appeals an order of the Thirteenth Judicial District Court, Yellowstone County, denying his request for credit in Cause Number DC 10-626 for time served from March 8 through September 2, 2011. We address whether the District Court correctly concluded that Brown was not entitled to the credit because he was incarcerated during that time solely for charges brought in a separate case: Cause Number DC 11-159. We affirm.

¶3 On November 19, 2010, Brown was arrested for driving under the influence (DUI). He was charged with felony DUI, Cause Number DC 10-626, and released on bond on November 30, 2010. While those charges were pending, Brown was arrested on March 8, 2011, for another DUI, Cause Number DC 11-159. Brown did not post a bond in DC 11-159 and remained incarcerated. On September 2, 2011, the District Court sentenced Brown in DC 10-626 to ten years at Montana State Prison with three years suspended, to run concurrently to the sentence imposed in DC 11-159. The court ordered that Brown receive credit in DC 10-626 for each day of time served from November 19 through November 30, 2010. The court further ordered that Brown receive credit in DC 11-159 for each day of time served from March 8 through September 2, 2011. In

2

April 2015, Brown moved to amend his sentence, requesting credit in DC 10-626 for time served from March 8 through September 2, 2011. The District Court denied Brown's motion on the ground that his incarceration from March 8 through September 2, 2011, was in connection with DC 11-159, and not DC 10-626.

¶4 We review a criminal sentence for legality only, to determine whether the sentence falls within the statutory parameters. *State v. Hernandez*, 2009 MT 341, ¶ 3, 353 Mont. 111, 220 P.3d 25.

¶5 "A person incarcerated on a bailable offense against whom a judgment of imprisonment is rendered must be allowed credit for each day of incarceration prior to or after conviction . . . ." Section 46-18-403(1), MCA. However, "a defendant should only be credited for time served prior to sentencing where the incarceration is *directly related to the offense for which the sentence is imposed*." *State v. Erickson*, 2008 MT 50, ¶ 21, 341 Mont. 426, 177 P.2d 1043 (emphasis in original). When two or more charges are pending, a defendant is incarcerated on a charge for which he was released on bond if the bond was revoked. *See Erickson*, ¶ 18. The record contains no indication that Brown's bond in DC 10-626 was revoked when he was incarcerated for the charges brought in DC 11-159. Brown was credited in DC 11-159 for time served from March 8 through September 2, 2011. Brown is not entitled to credit against his sentence in DC 10-626 for time served solely on the charge brought in DC 11-159. Accordingly, Brown is not entitled to credit in DC 10-626 for time served from March 8 through September 2, 2011.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion

3

of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court's interpretation and application of the law were correct.  We affirm.


/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ PATRICIA COTTER

4