ORIGINAL



FILED

06/30/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0008

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 20-0008

STATE OF MONTANA,

Plaintiff and Appellee,

v.

CHELSEA CUMBAA,

Defendant and Appellant.

FILED

JUN 30 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Appellant Chelsea Cumbaa entered a guilty plea to the charge of perjury, a felony, pursuant to a plea agreement that provided for dismissal of other charges pending against her. On appeal, she challenges several conditions imposed by the District Court as part of her sentence. The challenged conditions were recommended in the pre-sentence investigation report, and were orally pronounced by the District Court during the sentencing hearing as follows:

> The defendant shall not use or possess alcohol or illegal drugs unless prescribed by a licensed physician nor shall the defendant enter or seek employment at any establishment where alcohol is the chief item of sale.
>
> . . .
>
> The defendant shall subject [sic] be subject to the testing of her breath and bodily fluid, upon the reasonable request.
>
> Defendant shall obtain a chemical dependency evaluation at the defendant's own expense if requested by the supervising officer.

Cumbaa objected to the conditions as lacking a nexus to her crime or rehabilitation.

In her opening brief, Cumbaa again argues these conditions lack the necessary nexus to either her crime or her rehabilitation and therefore constitute an abuse of discretion by the sentencing court. In response, the State argues the conditions prohibiting the use or possession of alcohol and illegal drugs, and subjecting Cumbaa to alcohol and drug testing,

are Standard Conditions adopted by the Department of Corrections (DOC) pursuant to statutory authority to "adopt rules for the conduct of persons placed on parole or probation . . . ." Section 46-23-1002(3), MCA; *State v. Hernandez*, 2009 MT 341, ¶ 4, 353 Mont. 111, 220 P.3d 25. These Standard Conditions are set forth in Admin. R. M. 20.7.1101(9). As we explained in *Hernandez*, conditions adopted by the DOC pursuant to statutory authority and rule are not subject to the nexus requirement. *Hernandez*, ¶ 6 (citing *State v. Ashby*, 2008 MT 83, ¶¶ 14-15, 342 Mont. 187, 179 P.3d 1164). Rather, standard conditions will be imposed upon a probationary sentence unless the sentencing court determines, in its discretion, that "a standard condition is inappropriate under the sentencing it is imposing." *Hernandez*, ¶ 7. Here, the District Court determined the conditions were appropriately imposed in response to Cumbaa's nexus objection.

However, the State acknowledges that the conditions prohibiting Cumbaa from entering or seeking employment at establishments where alcohol is the chief item for sale, and requiring her to obtain a chemical dependency evaluation upon the request of her supervising officer, are not Standard Conditions and, further, the District Court made no findings regarding the required nexus to Cumbaa or her crime for imposition of these conditions. Therefore, the State concedes these conditions should be stricken from Cumbaa's sentence.

In her reply brief, Cumbaa expresses complete agreement with the State's position, including that the conditions prohibiting her possession of alcohol or illegal drugs, and requiring alcohol and drug testing, were appropriately imposed. Consequently, the parties' briefing demonstrates there is no longer a dispute between them, and this matter is resolved. Good cause appearing,

IT IS ORDERED that this matter is remanded to the Eighteenth Judicial District Court, Gallatin County, for entry of an amended judgment herein. The District Court shall strike the conditions prohibiting Cumbaa from entering or seeking employment at establishments where alcohol is the chief item for sale, and requiring her to obtain a

chemical dependency evaluation upon the request of her supervising officer. In all other respects, the judgment shall remain as originally imposed.

IT IS FURTHER ORDERED that this appeal is DISMISSED WITH PREJUDICE.

The Clerk is directed to provide a copy of this Order to counsel of record, to the Eighteenth Judicial District Court, and to Hon. Rienne McElyea.

DATED this 30 day of June, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

3