DA 07-0224

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 395

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

CLAYTON JAMES HUNTER,

       Defendant and Appellant.

| | |
|---|---|
| APPEAL FROM: | District Court of the Eleventh Judicial District, In and For the County of Flathead, Cause No. DC 06-437A Honorable Ted O. Lympus, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Gregory Hood, Assistant Public Defender, Kalispell, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General; Mark W. Mattioli, Assistant Attorney General, Helena, Montana

          Ed Corrigan, Flathead County Attorney; Lori Adams, Deputy County Attorney, Kalispell, Montana

Submitted on Briefs:  March 5, 2008

Decided:  November 25, 2008

Filed:

_____
                   Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 In a plea agreement with the State of Montana, Clayton James Hunter agreed to plead guilty to fraudulently obtaining dangerous drugs, a felony, and the State agreed to recommend a two-year deferred sentence. The Eleventh Judicial District Court, Flathead County, accepted the plea agreement and imposed the recommended sentence, subject to several probation conditions. Hunter appeals two of his probation conditions.

¶2 The sole issue on appeal is whether the District Court abused its discretion when it imposed the alcohol-related conditions.

## BACKGROUND

¶3 In October 2006, Hunter altered a Percocet prescription so he could "get more for the pain [he] was in at the time." He attempted to fill the prescription at the Costco pharmacy in Kalispell. Suspecting the prescription was a fake, the pharmacist called the doctor's office and verified the prescription was a forgery. After the police were called, Hunter admitted he forged the prescription.

¶4 Hunter entered into a plea agreement with the State in which he agreed to plead guilty in exchange for a recommended deferred sentence of two years. At the sentencing hearing, the presentence investigation report (PSI) showed Hunter was cited in 2005 in Colorado for driving with a .06 blood alcohol content and in 1997 in Washington for a "public disturbance." It recommended Hunter not possess or consume intoxicants--that is, drugs and alcohol--and that he submit to chemical testing for drugs and alcohol. Hunter admits to occasional past marijuana use, but states he has no history of alcohol abuse.

¶5    Hunter's counsel objected to the imposition of alcohol-related conditions.   The District Court imposed the PSI's recommended conditions and entered judgment.   Hunter appeals.

## DISCUSSION

¶6    We review probation conditions for both legality and reasonableness.  *State v. Ashby*, 2008 MT 83, ¶ 9, 342 Mont. 187, ¶ 9, 179 P.3d 1164, ¶ 9.  Generally, a probation condition is legal if it falls within statutory parameters.  *State v. Herd*, 2004 MT 85, ¶ 24, 320 Mont. 490, ¶ 24, 87 P.3d 1017, ¶ 24.  If a condition is illegal, or exceeds statutory parameters, this Court will review the sentence even if the defendant failed to object to the sentence in the trial court.  *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979).

¶7    In addition to explicit statutory sentencing parameters, a district court is authorized to impose on deferred or suspended sentences any reasonable condition necessary for rehabilitation or the protection of the victim or society.  *Ashby*, ¶ 9; § 46-18-201(4), MCA. For a condition to be reasonable, it must have "a nexus to either the offense for which the offender is being sentenced, or to the offender himself or herself."  *Ashby*, ¶ 15.  If the defendant contends that the nexus between the offender or offense and the condition is inadequate, the challenge is that the condition is "objectionable" rather than illegal.  *State v. Hameline*, 2008 MT 241, ¶ 12, 344 Mont. 461, ¶ 12, 188 P.3d 1052, ¶ 12.  Objectionable conditions must be objected to in the trial court to qualify for appellate review.  *State v. Kotwicki*, 2007 MT 17, ¶ 21, 335 Mont. 344, ¶ 21, 151 P.3d 892, ¶ 21.

¶8    Here, as noted above, Hunter's counsel objected to the alcohol-related conditions. Thus, notwithstanding Hunter's assertions that the conditions are illegal, the challenge is to

objectionable conditions. We review the reasonableness of the probation conditions for an abuse of discretion. *Ashby*, ¶ 9.

¶9    A sufficient offense-related nexus can exist when the offense is indirectly connected to the condition. For example, in *State v. Greensweight*, 2008 MT 185, ¶¶ 19-21, 343 Mont. 474, ¶¶ 19-21, 187 P.3d 613, ¶¶ 19-21, a connection existed between the offense of theft and chemical testing conditions because the defendant used the money he stole for rent and bills--money he lacked because of his drug habit. We also have held a sufficient nexus existed between the offense of sexual assault and intoxicant-based conditions because the defendant had been immersed in a drug environment during the time of the assault and his stated reason for the assault was being excluded from doing drugs with his family. *In re D.A.S.*, 2008 MT 168, ¶ 12, 343 Mont. 360, ¶ 12, 184 P.3d 349, ¶ 12.

¶10    Further, a nexus exists between drug-related offenses and conditions related to alcohol, including chemical testing. We held the purposes of rehabilitating the defendant and protecting society were served by the imposition of alcohol-related conditions on defendants' sentences for possessing methamphetamine and marijuana--both dangerous drugs. *State v. Winkel*, 2008 MT 89, ¶¶ 14-16, 342 Mont. 267, ¶¶ 14-16, 182 P.3d 54, ¶¶ 14-16; *State v. DeSchazo*, 2008 MT 131, ¶ 12, 343 Mont. 77, ¶ 12, 183 P.3d 47, ¶ 12. "The drug-related nature of [the defendant]'s offense alone suffices as a sufficient nexus to this condition." *Winkel*, ¶ 14.

¶11    In the present case, Hunter's offense was fraudulently obtaining dangerous drugs. Forging a prescription to obtain a dangerous drug, rather than renewing a prescription through legal channels, is indicative of dependency. Prohibiting and monitoring Hunter's

4

consumption of both alcohol and drugs will help prevent him from "'repeat[ing] the same criminal conduct that gave rise to the sentence.'" *Ashby*, ¶ 14 (quoting *State v. Ommundson*, 1999 MT 16, ¶ 11, 293 Mont. 133, ¶ 11, 974 P.2d 620, ¶ 11). Consequently, we conclude a sufficient nexus exists between Hunter's offense and the alcohol-related conditions.

**CONCLUSION**

¶12 We hold the District Court did not abuse its discretion in imposing the alcohol-related conditions.

¶13 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE