

DA 11-0586

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 87

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

DAVID M. GREEN,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Eighteenth Judicial District,
                    In and For the County of Gallatin, Cause No. DC 10-271-B
                    Honorable Mike Salvagni, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

            Robin A. Meguire, Attorney at Law, Great Falls, Montana

       For Appellee:

            Steve Bullock, Montana Attorney General; Tammy A. Hinderman, Assistant
            Attorney General, Helena, Montana

            Marty Lambert, Gallatin County Attorney; Eric N. Kitzmiller, Deputy
            County Attorney, Bozeman, Montana


                         Submitted on Briefs:  February 29, 2012
                                 Decided:  April 19, 2012


Filed:

               _____
                       Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1  David M. Green (Green) appeals his alcohol-related sentencing conditions imposed by the Eighteenth Judicial District Court, Gallatin County.  We affirm.

## BACKGROUND

¶2  On the night of September 30, 2010, Green and his wife, Yevette, had a heated argument when Yevette told Green she wanted a divorce and threatened to take their children with her.  The two argued for a long time before Green shoved Yevette into their bedroom, shut the door, and told her that he was sorry, but that she could not take their two children from him.  Green then strangled Yevette with both hands until she lost consciousness. When Green loosened his grip, Yevette regained consciousness.  Green, however, continued to hold her down while attempting to suffocate her by covering her mouth and nose.  Unable to scream, Yevette started kicking the wall, which caused a dog to bark and their child, M.G., to wake up.

¶3  M.G. exited her bedroom and Green told her to return to bed while continuing to hold Yevette down.  Yevette was then able to convince Green that she would do whatever he asked if he would stop hurting her, at which point Green released her and moved to the couch to sleep.  Yevette, scared that Green might retrieve his gun and shoot her, slept next to him on the floor.

¶4  The following morning, Green took the keys to their only car and would not let Yevette leave.  After Green left the apartment, Yevette took her children, H.G. and M.G., and got help from Dr. Peter Heidman and Dr. Al Flint at the Montana Equine Center – where

the Greens lived and Green worked. Green, upon overhearing Yevette telling Drs. Heidman and Flint about the previous night, entered the office, took M.G. and ran upstairs to the Greens' apartment. Fearing for M.G.'s safety, Yevette ran upstairs after Green. When she entered the apartment, Green had a loaded gun. Yevette convinced Green to put the gun away, and they went downstairs where Green told Drs. Heidman and Flint he needed a personal day. Shortly thereafter, Gallatin County deputies arrived, and after speaking with Green, Yevette, Dr. Flint and Dr. Heidman, arrested Green.

¶5 As a result of this incident, Green was originally charged with felony aggravated assault, felony assault with a weapon, and felony criminal endangerment. Green pled guilty to felony aggravated assault in exchange for the State dropping the charges of felony assault with a weapon and felony criminal endangerment.

¶6 The District Court sentenced Green to twenty years, with fifteen years suspended upon conditions. Those conditions included:

> The defendant shall not use or possess alcohol or illegal drugs, (unless prescribed by a licensed physician) nor shall the defendant enter or seek employment at any establishment where alcohol is the chief item of sale.

> The defendant shall submit to testing of the defendant's breath and bodily fluids, upon the reasonable request of a supervising officer, to detect the presence of alcohol or drugs.

> The defendant shall obtain a chemical dependency evaluation, at the defendant's own expense and shall follow all recommendations, if requested by the supervising officer.

¶7 Defense counsel objected to these conditions on the basis that Green had no history of alcohol use, let alone abuse, and that the incident resulting in Green's charges did not

involve alcohol. Green, however, suffers from Major Depressive Disorder, which was undiagnosed until after he began seeing Courtnay Douchin, a licensed clinical professional, while incarcerated at the Gallatin County Detention Center. Green has also had four restraining orders entered against him for violent conduct. The District Court overruled defense counsel's objection finding that his refraining from alcohol use, considering his violent history, was necessary for his total rehabilitation. It is from these conditions that Green Appeals. A restatement of the issue on appeal is:

¶8     *Did the District Court err in imposing alcohol-related sentencing conditions on Green's sentence?*

## STANDARD OF REVIEW

¶9     We review a sentencing condition first for legality. *State v. Ashby*, 2008 MT 83, ¶ 9, 342 Mont. 187, 179 P.3d 1164. If the condition is legal, the reasonableness of the condition is then reviewed for an abuse of discretion. *Ashby*, ¶ 9. A district court abuses its discretion when it acts "arbitrarily without conscientious judgment or exceeds the bounds of reasons." *State v. Hernandez*, 2009 MT 341, ¶ 7, 353 Mont. 111, 220 P.3d 25.

## DISCUSSION

¶10    A district court does not have the power to impose a sentence unless authorized by a specific grant of statutory authority. *State v. Guill*, 2011 MT 32, ¶ 58, 359 Mont. 225, 248 P.3d 826. A sentencing judge has the sweeping authority to impose any "reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society." Section 46-18-201(4)(p), MCA; *See State v. Zimmerman*, 2010 MT 44,

4

¶ 16, 355 Mont. 286, 228 P.3d 1109. For these "reasonable restrictions or conditions" to constitute proper probation conditions, a nexus must exist between the probation conditions and the offense or offender. *Guill*, ¶ 59.

¶11 A sentencing condition need not prohibit a repetition of the exact conduct for which the offender was convicted in order to have a nexus to the offense. A sufficient nexus can exist when the conditions are indirectly connected to the offender. *See State v. Heddings*, 2008 MT 402, ¶¶ 16-17, 347 Mont. 169, 198 P.3d 242; *See also State v. Hunter*, 2008 MT 395, ¶ 9, 347 Mont. 155, 197 P.3d 998. A court may impose offender-related conditions when the conduct to be restricted is "recent, and significant or chronic," but a "passing, isolated, or stale instance of behavior or conduct will be insufficient to support a restrictive probation condition imposed in the name of offender rehabilitation." *Ashby*, ¶ 15.

¶12 We will reverse the district court if the required nexus is absent or exceedingly tenuous, or a sentencing condition is overly broad or unduly punitive. *Zimmerman*, ¶ 17.

¶13 Green argues that the alcohol conditions bear no nexus to either him or his offense, and accordingly, are unreasonable. To the contrary, the State argues that Green has a history of repeated aggressive and violent behavior towards women, and has Major Depressive Disorder, which contributed to his current offense and his past violent behavior. The State also asserts that Green is a prime candidate for substance abuse problems due to his father's alcoholism, his own mental health issues, and his highly stressful life situation.

¶14 This Court has addressed similar alcohol-related conditions in *Ashby* and *State v. Stiles*, 2008 MT 390, 347 Mont. 95, 197 P.3d 966. In *Ashby*, this Court examined whether a

5

nexus existed between the defendant's crime of issuing bad checks and his alcohol-related sentencing conditions. It was undisputed that Ashby did not use alcohol during the commission of the crime, and that he did not commit the crime to fund the purchase of alcohol. *Ashby*, ¶ 16. Similarly, Ashby's presentence investigation revealed no alcohol abuse and the district court's judgment and sentence stated "no facts supporting an [alcohol] restriction[.]" *Ashby*, ¶ 16. This Court held that there was "nothing in the record to support a finding that such a restriction should be imposed for the purpose of rehabilitating Ashby" because Ashby did not have an alcohol problem. *Ashby*, ¶ 19.

¶15 In *Stiles*, the defendant was convicted of felony theft. The court imposed several conditions on the suspended portion of his sentence, including a condition that prohibited him from possessing or consuming alcohol or entering any place where intoxicants are the chief item of sale. *Stiles*, ¶ 15. Alcohol was apparently not involved in the commission of the crime because the State only argued that the defendant's history of alcohol abuse warranted the conditions. *Stiles*, ¶ 15. Relying on *Ashby*, this Court concluded the alcohol-related conditions bore no nexus to the defendant because they were not "recent, and significant or chronic." *Stiles*, ¶ 16.

¶16 Alternatively, this Court found in *Heddings*, ¶¶ 16-17, that if alcohol abuse would be detrimental to an offender's treatment, then the imposition of alcohol-related conditions would be reasonably related to the offender's rehabilitation and the protection of society. In *Heddings,* the defendant pled guilty to felony incest, and the suspended portion of his sentence contained the same restrictions at issue in *Stiles*. A psychologist's evaluation

6

recommended restricting the defendant's use of alcohol to aid in his rehabilitation. *Heddings*, ¶ 8. Based on the psychologist's evaluation, this Court found a sufficient nexus between the defendant and the necessity for a condition restricting alcohol. *Heddings*, ¶ 16.

¶17 The present matter is more akin to *Heddings* than either *Ashby* or *Stiles*. Unlike *Ashby* and *Stiles*, the District Court provided contemporaneous facts supporting its conclusion that Green's consumption of alcohol would be detrimental to his rehabilitation due to his anger issues. We agree with the District Court that prohibiting and monitoring Green's consumption of alcohol will help prevent him from " 'repeat[ing] the same criminal conduct that gave rise to the sentence.' " *Hunter*, ¶ 11 (quoting *Ashby*, ¶ 14). Green, moreover, has a high risk of recidivism considering his history of violence toward women and it is within the sentencing court's broad discretion to impose conditions to reduce this likelihood and to obtain the objectives of rehabilitation and protection of the victim and society. Therefore, we conclude a sufficient nexus exists between the alcohol-related conditions and Green as an offender.

## CONCLUSION

¶18 For the reasons stated above, we affirm the District Court's imposition of Green's alcohol-related sentencing conditions.

/S/ MICHAEL E WHEAT

We Concur:

7

/S/ BETH BAKER
/S/ BRIAN MORRIS

Chief Justice Mike McGrath, specially concurring.

¶19 For the purposes of this appeal, I concur with the majority. However, sentencing discretion for felony convictions lies within the exclusive power of the district courts under § 46-18-103, MCA. As I articulated in my special concurrence in *Hernandez*, it is the district court that can best determine the most suitable course of rehabilitation for the individual offender. *Hernandez*, ¶¶ 10-16. In this case, the conditions imposed were not illegal and were consistent with reasonable efforts to rehabilitate the defendant. To the extent that a defendant desires to challenge a legally authorized felony sentence, the Legislature has established the Sentence Review Division. Sections 46-18-901 to -905, MCA.

/S/ MIKE McGRATH

Justice Jim Rice concurs in part and dissents in part.

¶20 I agree with Justice Cotter that the alcohol-related conditions imposed here fail the nexus test established in our case precedent, and thus I cannot concur with the Court's decision to affirm on that basis. The State argues alternatively that the condition prohibiting Green from possessing alcohol or illegal drugs is a standard probationary condition promulgated by the Department of Corrections (DOC) pursuant to statutory authority, a

8

process we approved in *State v. Hernandez*, 2009 MT 341, ¶ 7, 353 Mont. 111, 220 P.3d 25, subject to review of the imposition of such conditions for abuse of discretion. Mont. Admin. R. 20.7.1101(9) provides an offender "is prohibited from using or possessing alcoholic beverages and illegal drugs. The offender is required to submit to bodily fluid testing for drugs or alcohol on a random or routine basis and without reasonable suspicion." Given the dangerously violent potential Green exhibits because of his psychological condition, I believe the District Court did not abuse its discretion by imposing this standard DOC condition, and I would affirm it pursuant to *Hernandez*.

¶21    The State acknowledges that the DOC has not promulgated standard rules requiring probationers to undergo chemical dependency evaluations or prohibiting them from entering places where alcohol is the chief item for sale. Thus, they are subject to application of the nexus test, and I believe reversal of these conditions is required by *stare decisis*.


/S/ JIM RICE

9

Justice Patricia O. Cotter dissents.

¶22     I dissent from the Court's Opinion.

¶23     As the Court notes, in order for a probation condition to be deemed proper, "a nexus must exist between the probation conditions and the offense or the offender."  Opinion, ¶ 10 (citing *Guill*, ¶ 59).  Further, a court may impose an offender-related condition if the conduct to be restricted is "recent, and significant or chronic."  Opinion, ¶ 11 (citing *Ashby*, ¶ 15). Finally, the record must contain facts supporting the restriction in question.  Opinion, ¶ 14 (citing *Ashby*, ¶ 19).

¶24     The incidents leading to the charges against Green were not alcohol related.  Because there is no nexus between the condition and the offense, there must be a nexus between the condition and the offender for the restriction to be supportable.  *Guill*, ¶ 59.  There is none. The PSI indicates Green's use of alcohol is rare, with his last recollected use of alcohol involving two beers at a conference nearly a year before the PSI was prepared.  Thus, the requirement that the conduct to be restricted must be "recent, and significant or chronic" is clearly unmet.

¶25     The Court likens this case to *Heddings*.  Opinion, ¶ 17.  It is not similar.  In *Heddings*, we noted:  "The PSI addresses, among other things, Heddings' history of compulsive sexual behavior, alcohol abuse and drug use."  *Heddings*, ¶ 16.  We further noted that the psychologist evaluating Heddings recommended that he abstain from using alcohol while completing sex offender treatment.  *Heddings*, ¶ 16.  We concluded that based upon Heddings' history and the specific recommendations of the psychologist, a nexus existed

10

between the alcohol conditions and Heddings as an offender, and that the restrictions were necessary for the rehabilitation of Heddings and the protection of society. *Heddings*, ¶ 17.

¶26 By contrast, Green has no history of alcohol abuse or drug use. Moreover, his treating psychologist did not make any recommendations regarding alcohol restrictions; in fact, she stated in her report to the Court: "Mr. Green's record does not reflect an extensive history of violence or any complications from substance issues; what is reflected is marital difficulties and medical and financial stress." (Emphasis in original.) *Heddings* is therefore wholly inapposite.

¶27 The Court concludes that prohibiting Green from consuming alcohol will help prevent him from repeating the same criminal conduct that gave rise to his sentence. Opinion, ¶ 17. With due respect, there are no facts in the record to support this conclusion—indeed, the Court recites none. In *Ashby*, this Court unanimously concluded that because alcohol was not used in the commission of the crime, the PSI revealed no history of alcohol or drug abuse, and no facts in the record supported the restriction, the alcohol restriction imposed by the District Court must be reversed. *Ashby*, ¶¶ 16, 19. This case presents the identical situation. I would therefore reverse the imposition of the alcohol-related conditions, and I dissent from our refusal to do so.

/S/ PATRICIA O. COTTER

Justice James C. Nelson joins in the Dissent of Justice Patricia O. Cotter.

11

/S/ JAMES C. NELSON