
DA 11-0134

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 26

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TIMOTHY JOSEPH WHALEN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 09-0571
Honorable Ingrid G. Gustafson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Timothy Joseph Whalen (self-represented), Laurel, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General; Jonathan Mark Krauss, Assistant Attorney General, Helena, Montana

Submitted on Briefs:  November 7, 2012
Decided:  February 5, 2013

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Timothy Joseph Whalen (Whalen) appeals from the judgment of the Thirteenth Judicial District Court, Yellowstone County, upon his plea of guilty to one count of felony negligent vehicular assault and one count of felony criminal endangerment.  We affirm.

¶2    Whalen raises the following issues for review, which we restate as follows:

¶3    *Issue One:  Did the District Court impose an illegal sentence on Whalen?*

¶4    *Issue Two: Did the District Court impose unreasonable and unconstitutional probation conditions on Whalen?*

¶5    *Issue Three: Did the District Court illegally obtain Whalen's guilty pleas?*

¶6    *Issue Four: Is the Sentence Review Division process unconstitutional?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶7    On August 13, 2010, Whalen pled guilty to one count of felony negligent vehicular assault and one count of felony criminal endangerment.  The charges against Whalen stemmed from an incident that occurred in Billings, Montana, on the morning of September 25, 2009.  Whalen, who was a licensed commercial driver employed as a bus driver at the time, was driving a school bus full of students when he struck a 15-year-old girl, E.D., who was crossing the street in a designated crosswalk.  Whalen stopped the bus, got off, and ran to E.D.  He did not identify himself or report the accident to authorities or his employer.  After checking on E.D., Whalen got back on the bus with students still on board and drove off.

¶8    Whalen transported the students on his bus to West High School and returned to the scene of the accident.  Officer Peter Lehman conducted a field sobriety investigation;

2

Whalen was arrested and transported to the Yellowstone County Detention Facility. At the jail, Whalen provided a breath test, which revealed an alcohol concentration of .118. E.D. suffered serious bodily injury as a result of the incident.

¶9 After accepting Whalen's guilty pleas, the District Court held a sentencing hearing on December 8, 2010. Whalen argued for a three-year deferred sentence for both counts, with community service requirements. The State recommended a ten-year commitment to the DOC for each count, with the last five years suspended, to run concurrently. It also requested the court impose a fine.

¶10 Whalen made only two objections at the sentencing hearing, both pertaining to proposed conditions of probation. First, Whalen objected to the condition that he obtain a chemical dependency evaluation and undergo all treatment recommendations. Whalen asserted he had already fulfilled such requirements and therefore requested the court to give him credit for doing so. Second, Whalen objected to the proposed condition that his driver's license be suspended.

¶11 After listening to witness testimony and sentencing recommendations from counsel, the District Court sentenced Whalen to the DOC for six years with 18 months suspended on each count, to run concurrently. The court recommended Whalen be considered for a community program through the DOC. Further, the court ordered Whalen complete 100 hours of community service, and imposed 29 enumerated conditions of probation. District Court Judge Ingrid Gustafson provided detailed reasoning for Whalen's sentence at the hearing, explaining Montana's sentencing policies and applying them to Whalen's case. The court considered Whalen's presentence investigation report, discussed several aggravating

3

and mitigating circumstances, and looked at other sentences for similar offenses throughout the state. With respect to Whalen's two objections, the District Court gave Whalen credit for the chemical dependency evaluation and treatment he already completed, but maintained the suspension of his driver's license was required pursuant to § 61-5-205(1)(b), MCA.

¶12 Whalen appealed on March 14, 2011. During the following months, Whalen filed a series of motions requesting extensions of time for various reasons. Then, on January 25, 2012, Whalen moved this Court for appointment of counsel. Although noting that such a request "this late in the day is inexcusable," we granted Whalen's motion and appointed the Office of Appellate Defender (OAD) to represent him. Based upon Whalen's failure to complete the application for appellate representation, and Whalen's affidavit filed with this Court requesting removal of OAD from his case, OAD ultimately moved to rescind the appointment of counsel. On March 21, 2012, we granted the motion and ordered OAD removed as counsel for Whalen.

¶13 The following month, Whalen filed a motion with this Court to stay his appeal for the purpose of filing a motion to withdraw his guilty plea in the District Court. We reasoned that "[t]his late in the day, after a multitude of extensions and delay tactics, we decline to stay this proceeding." We further stated that Whalen "has flouted this Court's authority and exhausted our patience, notwithstanding our considerable efforts to afford him access to justice." The Court denied any further extensions, and ordered Whalen to file his opening brief.

**STANDARD OF REVIEW**

4

¶14 This Court reviews a criminal sentence for legality only. *State v. Strong*, 2009 MT 65, ¶ 7, 349 Mont. 417, 203 P.3d 848 (citing *Adams v. State*, 2007 MT 35, ¶ 21, 336 Mont. 63, 153 P.3d 601). We review the reasonableness of conditions of probation imposed in a sentence for abuse of discretion, if the conditions were objected to at sentencing. *State v. Leyva*, 2012 MT 124, ¶ 15, 365 Mont. 204, 280 P.3d 252. Furthermore, issues of justiciability—such as standing, mootness, ripeness, and political question—are questions of law, which this Court reviews de novo. *Reichert v. State*, 2012 MT 111, ¶ 20, 365 Mont. 92, 278 P.3d 455.

¶15 Additional standards of review will be discussed herein.

## DISCUSSION

¶16 *Issue One: Did the District Court impose an illegal sentence on Whalen?*

¶17 Whalen argues his sentence is illegal on three grounds. Whalen argues first that the District Court ignored alternatives to imprisonment required by Montana law for a first-time non-violent offender. Second, he argues the court considered "improper matter" in finding aggravating circumstances. Finally, Whalen contends his sentence constitutes cruel and unusual punishment prohibited under the Montana and United States Constitutions.

¶18 The State points out first that Whalen failed to raise these objections before the District Court and, accordingly, did not properly preserve them for appeal. Although the State believes the *Lenihan* exception would allow the Court to review Whalen's sentence in regard to his claim of cruel and unusual punishment, it maintains the *Lenihan* exception is inapplicable to Whalen's other two claims because such arguments would result in an objectionable, but not an illegal, sentence.

5

¶19 Generally, we will not review an issue to which a party has failed to object and preserve for appeal. *State v. Johnson*, 2011 MT 286, ¶ 14, 362 Mont. 473, 265 P.3d 638. In *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979), we recognized a narrow exception to this rule to allow an appellate court "to review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing." A sentence is not illegal if it falls within statutory parameters. *State v. Kotwicki*, 2007 MT 17, ¶ 13, 335 Mont. 344, 151 P.3d 892 (citing *State v. Garrymore*, 2006 MT 245, ¶ 9, 334 Mont. 1, 145 P.3d 946). Further, "'a sentencing court's failure to abide by a statutory requirement rises to an objectionable sentence, not necessarily an illegal one that would invoke the *Lenihan* exception.'" *Johnson*, ¶ 14 (quoting *Kotwicki*, ¶ 13).

¶20 The *Lenihan* rule may apply to constitutional challenges of criminal sentences as well, but not in every case. *Strong*, ¶¶ 7, 12 (citing *Garrymore*, ¶ 15). In *Strong*, we reviewed our caselaw to determine when a constitutional challenge to a sentence raised for the first time on appeal is appropriate for judicial determination. When a defendant alleged a facial challenge to the constitutionality of a statute in *State v. Ellis*, 2007 MT 210, ¶ 7, 339 Mont. 14, 167 P.3d 896, we reviewed the argument even though it was not raised to the district court. There, Ellis asserted § 46-8-113, MCA (2005)—a statute authorizing imposition of a condition requiring a defendant to repay the costs of his court-appointed counsel—violated the Equal Protection Clause of the Montana and U.S. Constitutions. *Ellis*, ¶ 2. Because he made a facial challenge that alleged, "in other words, that an illegal statute supported his illegal sentence," we reviewed Ellis's argument. *Strong*, ¶ 12.

6

¶21 By contrast, in *State v. Mainwaring*, 2007 MT 14, 335 Mont. 322, 151 P.3d 53, we declined to address a constitutional challenge raised for the first time on appeal. Unlike *Ellis*, the defendant in *Mainwaring* did not contend a statute was facially unconstitutional; rather, he made an as-applied constitutional argument. Specifically, he argued the court's *application* of the Persistent Felony Offender statute and the Youth Court Act violated his rights under the Equal Protection Clause. *Mainwaring*, ¶ 20. In *Strong* we noted that "our refusal to review [Mainwaring's] as-applied challenge for the first time on appeal stemmed from the fact that the court had imposed a potentially 'objectionable' sentence as opposed to an 'illegal' sentence." *Strong*, ¶ 13.

¶22 In *Strong*, the defendant made both a facial and an as-applied equal protection challenge to § 46-18-201(3)(d), MCA (2007)—a statute authorizing a sentencing judge to impose a Department of Corrections commitment—for the first time on appeal. In accordance with our prior decisions, we refused to address Strong's as-applied constitutional challenge, but permitted appellate review of his facial constitutional challenge. *Strong*, ¶¶ 14-16.

¶23 With this in mind, we turn to the arguments in the case before us.

**Alternative sentence and aggravating factors**

¶24 It is clear from the District Court record that Whalen never objected to the court's alleged failure to consider alternatives to imprisonment or to its consideration of "improper matter" in finding aggravating circumstances. On appeal, Whalen relies on a number of sentencing statutes in making his arguments, primarily focusing on §§ 46-18-225, and -101, MCA.

7

¶25 The *Lenihan* exception is not available to Whalen with respect to these two claims. Whalen's contention is not that he was sentenced in excess of statutory authority—the District Court had authority pursuant to §§ 45-5-205(3) and -207(2), MCA, to impose a six-year DOC commitment with 18 months suspended, and community service. The sentence was thus within statutory parameters. Rather, Whalen argues the District Court failed to abide by various statutory requirements, an allegation that would result in an objectionable sentence, not an illegal one. Therefore, we decline to consider these issues further.

**Cruel and unusual punishment**

¶26 We also refrain from addressing the merits of Whalen's contention that his sentence violated his right to be free of cruel and unusual punishment under the Montana and U.S. Constitutions. Again, Whalen makes these arguments for the first time on appeal. Unlike the defendant in *Ellis*, who argued a statute was unconstitutional on its face, Whalen asserts the District Court's application of various statutory sentencing policies and guidelines violated his constitutional rights. In conformity with our prior decisions on this issue, we will not consider such as-applied constitutional arguments when the defendant failed to properly preserve them for appeal. See *Strong*, ¶ 13; *Mainwaring*, ¶ 20.

¶27 *Issue Two: Did the District Court impose unreasonable and unconstitutional probation conditions on Whalen?*

¶28 Whalen challenges twelve of the probation conditions imposed during sentencing on the grounds that they "do not bear any [n]exus to defendant or his crime nor do they bear any relationship to the objectives of r[e]habilitation or the protection of the victim and [s]ociety." Although none of these twelve conditions were objected to before the District Court,

8

Whalen maintains that this Court should invoke the *Lenihan* exception to review the conditions.

¶29    The State, on the other hand, argues that Whalen actively acquiesced and participated in the imposition of the sentencing conditions which he now challenges on appeal and we should therefore refrain from invoking the *Lenihan* exception. It further asserts that Whalen failed to make a plausible argument or colorable claim that his conditions are outside statutory parameters or without statutory authority.

¶30    The *Lenihan* exception does not apply in cases where a defendant did not remain silent at sentencing but, instead, actively acquiesced or participated in the imposition of a condition of sentence. *State v. Walker*, 2007 MT 205, ¶ 14, 338 Mont. 529, 167 P.3d 879 (citing *State v. Micklon*, 2003 MT 45, 314 Mont. 291, 65 P.3d 559). After a thorough review of the sentencing hearing transcript and Whalen's sentencing memorandum submitted to the District Court, we do not find that Whalen actively acquiesced or participated in the imposition of each condition of his sentence. Although Whalen did not remain completely silent during his sentencing, objected to two other conditions, and expressed a willingness to accept punishment for his behavior, such actions do not constitute the active acquiescence or participation necessary to preclude appellate review under the *Lenihan* exception.[1]

¶31    Nevertheless, we decline to apply the *Lenihan* exception here. When a sentencing court suspends all or a portion of a sentence, it is authorized to impose conditions or restrictions that are reasonably related to the objectives of rehabilitation or the protection of

---

[1] For examples of active acquiescence or participation in the imposition of sentencing conditions, *see, e.g.*, *State v. Walker*, 2007 MT 205, 338 Mont. 529, 167 P.3d 879; *State v. Micklon*, 2003

the victim or society. Section 46-18-201(4), MCA; *Leyva*, ¶ 23; *State v. Hunter*, 2008 MT 395, ¶ 7, 347 Mont. 155, 197 P.3d 998 (citing *State v. Ashby*, 2008 MT 83, ¶ 9, 342 Mont. 187, 179 P.3d 1164). For a condition to meet this standard, it must have "'a nexus to either the offense for which the offender is being sentenced, or to the offender himself or herself.'" *Hunter*, ¶ 7 (quoting *Ashby*, ¶ 15). If a defendant argues that the nexus is inadequate, the challenge is that the condition is objectionable rather than illegal. *Hunter*, ¶ 7 (citing *State v. Hameline*, 2008 MT 241, ¶ 12, 344 Mont. 461, 188 P.3d 1052). Here, Whalen does not contend that the District Court exceeded its statutory authority by imposing conditions of probation; rather, he challenges the reasonableness of such conditions by attacking their nexus. Because he failed to object to the conditions at or before his sentencing hearing, he waived his right to appeal the issue.

¶32     Whalen also contends for the first time on appeal that twelve of the conditions violate Article II, sections 3, 12 and 17 of the Montana Constitution. Although he very briefly discusses these constitutional rights—asserting they are "fundamental" rights with "significant components of liberty . . . [a]ny infringement of which will trigger the highest level of scrutiny, and thus the highest level of protection by the Courts"—he fails to articulate any argument which would demonstrate that these twelve conditions are unconstitutional. Whalen merely clumps together all of the conditions, identifying them only by number, boldly states they are all "arbitrary and repressive and are th[u]s violative of the [l]aw . . ." and then cites to three sections of Article II of the Montana Constitution. We have repeatedly held that it is not our job "to conduct legal research on [a party's] behalf, to

MT 45, 314 Mont. 291, 65 P.3d 559; *State v. Holt*, 2011 MT 42, 359 Mont. 308, 249 P.3d 470.

10

guess as to [the party's] precise position, or to develop legal analysis that may lend support to that position." *Johansen v. Dept. of Nat. Resources & Conserv.*, 1998 MT 51, ¶ 24, 288 Mont. 39, 955 P.2d 653; s*ee also, Blackmore v. Dunster*, 2012 MT 74, ¶ 7, 364 Mont. 384, 274 P.3d 748 (quoting *Estate of Harmon*, 2011 MT 84, ¶ 28, 360 Mont. 150, 253 P.3d 821 (citing M. R. App. P. 12(1)(f))). Consequently, because Whalen has not developed any argument that the conditions are unconstitutional, we decline to consider the issue further.

¶33    *Issue Three: Did the District Court illegally obtain Whalen's guilty pleas?*

¶34    Whalen advances several reasons why his guilty plea was illegally obtained and accepted by the court. However, as the State points out, Whalen sets forth no argument or authority in the body of his brief. Instead, he attaches as an exhibit a 16-page excerpt of his brief in support of his motion to withdraw guilty plea, which he attempted to file with the District Court, and states he "in[]corporates all the text and argument in that exhibit as if fully set forth here as Argument on these [a]ppellate issues."

¶35    Montana's Rules of Appellate Procedure do not allow for "shortcut tactics" such as referring to authority in other briefs. *State v. Ferguson*, 2005 MT 343, ¶ 40, 330 Mont. 103, 126 P.3d 463. The argument portion of an appellant's brief must contain the contentions of the appellant with respect to the issues presented, and the reasons thereof, with the citations to the authorities, statutes, and pages of the record relied on. M. R. App. P. 12(1)(f). This requirement "unquestionably precludes parties from incorporating trial briefs or any other kind of argument into appellate briefs by mere reference." *Ferguson*, ¶ 41. The "mere reference to arguments and authorities presented in district court proceedings is no substitute for developing and presenting appellate arguments." *Ferguson*, ¶ 41.

11

¶36     Whalen provides numerous explanations for his failure to conform to the Montana Rules of Appellate Procedure, and maintains this Court has deprived him of sufficient time to adequately brief his issues. Whalen's arguments are not well-taken. We have granted Whalen extension after extension, appointed him appellate counsel, and provided him with procedures for requesting annotations to statutes and constitutional provisions while in prison to assist with the preparation of his appellate brief. In our order filed May 22, 2012, we specifically instructed Whalen that his appellate brief must "comply substantially, in form and substance, with the Montana Rules of Appellate Procedure," and warned that failure to do so would result in summary dismissal of his appeal. We also pointed out that the motion to withdraw guilty pleas that Whalen sought to file with the District Court was supported by affidavits and a brief with citations to authority, indicating that Whalen is fully capable of preparing a sufficient appellate brief. Consequently, because of Whalen's inadequate briefing, we decline to consider his arguments on this issue. See *State v. Cybulski*, 2009 MT 70, ¶¶ 13-15, 349 Mont. 429, 204 P.3d 7 (declining appellate review of issues inadequately briefed).

¶37     Furthermore, we point out that even had Whalen sufficiently briefed this issue, his arguments are not properly before the Court at this time because he did not present them to the District Court prior to filing his appeal. Pursuant to § 46-16-105(2), MCA, Whalen had the opportunity to move the District Court to withdraw his guilty plea before he appealed. However, he chose to appeal first and file the motion nearly a year later. As a result, the District Court did not have jurisdiction to act on his motion and thus did not hear any of the arguments Whalen now raises with respect to his guilty plea. See *Powers Mfg. Co. v. Leon*

12

*Jacobs Enters.*, 216 Mont. 407, 411, 701 P.2d 1377, 1380 (1985) ("When a notice of appeal has been filed, jurisdiction passes from the District Court and vests in the Supreme Court."). In Montana, we generally refuse to consider issues presented for the first time on appeal because it is "fundamentally unfair to fault the trial court for failing to rule on an issue it was never given the opportunity to consider." *State v. Claassen*, 2012 MT 313, ¶ 19, 367 Mont. 478, __ P.3d __ (citation omitted). Because the District Court has not had the opportunity to consider this issue, it is improperly before this Court.[2]

¶38     *Issue Four: Is the Sentence Review Division process unconstitutional?*

¶39     Finally, Whalen asserts on appeal that the Sentence Review Division (SRD) is unconstitutional "as enacted and as applied" to criminal defendants seeking appellate review of their sentences. The State counters that Whalen has not yet pursued an application for sentence review, and his claim is therefore premature, unripe, and not a justiciable cause or controversy. Accordingly, the State requests we dismiss his claim. In his reply, Whalen does not specifically respond to the State's contention. Instead, he reiterates his constitutional challenge to the sentence review process, claiming it "threatens him with [an] additional sentence" and that "if he is required to avail himself of the SRD process," he will be harmed by having to wait "another year or two" before being able to do so.

¶40     We decline to review Whalen's claim because no justiciable controversy exists. The existence of a justiciable controversy is a threshold requirement to a court's adjudication of a dispute. *Havre Daily News, LLC v. City of Havre*, 2006 MT 215, ¶ 18, 333 Mont. 331, 142

---

[2] Whalen should take note that pursuant to § 46-16-105(2)(b), MCA, the opportunity to pursue a withdrawal of guilty plea in the District Court will be available to him after this appeal.

P.3d 864. Among other reasons, a case may be non-justiciable because it presents an issue that is not ripe for judicial determination. *Havre Daily News*, ¶ 18. "Cases are unripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." *Reichert*, ¶ 54. As we recently stated in *Donaldson v. State*, 2012 MT 288, 367 Mont. 228, __ P.3d __, courts do not function "to determine speculative matters, to enter anticipatory judgments, to declare social status, to give advisory opinions or to give abstract opinions." *Donaldson*, ¶ 9 (citing *Mont. Dept. Nat. Res. & Cons. v. Intake Water Co.*, 171 Mont. 416, 440, 558 P.2d 1110, 1123 (1976)).

¶41 This Court can exercise supervisory authority to ensure that the SRD, as an arm of this Court, complies with the statutes and rules governing its operations, as well as the Montana Constitution and the U.S. Constitution. *Driver v. Sentence Rev. Div. in the Sup. Ct. of Mont.*, 2010 MT 43, ¶ 12, 355 Mont. 273, 227 P.3d 1018 (citing *Jordan v. State*, 2008 MT 334, ¶ 22, 346 Mont. 193, 194 P.3d 657). The proper basis by which this Court may review a challenge to a decision of the SRD is through a petition for extraordinary relief. *Driver*, ¶ 9.

¶42 Here, Whalen has not proceeded through the sentence review process and has therefore not received any decision from the SRD regarding his sentence. It is unknown whether Whalen will apply for sentence review, and if he does, the result of his application is pure speculation at this time. Accordingly, this issue is not ripe for judicial determination.

¶43 As a final matter, Whalen contends he never waived his right to appellate counsel. On March 21, 2012, this Court granted OAD's motion to be removed as Whalen's counsel. The motion was supported by an affidavit filed by Whalen, in which he stated he approved

14

OAD's motion for removal as his counsel. Since then, Whalen has not requested this Court appoint him counsel. Further, he did not even raise this claim until his reply brief. We have explained that we will not address the merits of an issue presented for the first time in a reply brief on appeal. *State v. Makarchuk*, 2009 MT 82, ¶ 19, 349 Mont. 507, 204 P.3d 1213 (citing *Pengra v. State*, 2000 MT 291, ¶ 13, 302 Mont. 276, 14 P.3d 499). We therefore decline to consider this issue any further.

## CONCLUSION

¶44 For the reasons stated above, we affirm the District Court's judgment.

¶45 Affirmed.

/S/ Michael E Wheat

We Concur:

/S/ Patricia Cotter
/S/ Jim Rice
/S/ Brian Morris
/S/ Beth Baker

15