FILED

10/03/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0497

DA 16-0497

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 243N

CITY OF POLSON,

        Plaintiff and Appellee,

    v.

VINCENT C. LOVATO,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 15-161
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Chief Appellate Defender, Alexander H. Pyle, Assistant
                Appellate Defender, Helena, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
                Assistant Attorney General, Helena, Montana

                Joshua C. Morigeau, Polson City Attorney, Polson, Montana

Submitted on Briefs:  September 6, 2017

Decided:  October 3, 2017

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Vincent Lovato appeals his sentence from the Twentieth Judicial District Court. He asserts that the sentence was an abuse of discretion and that the District Court violated his constitutional due process rights when it relied on materially false information. We affirm.

¶3 After his April 2015 conviction in the Polson City Court for violating the privacy in communication statute, § 45-8-213(1)(a), MCA, Lovato appealed to the District Court. Upon trial de novo, a Lake County jury convicted Lovato of violating the statute by sending threatening e-mails, texts, and voicemails to his former landlord in an effort to recoup his safety deposit. The District Court sentenced him to six months in jail with all but thirty days suspended and fined him $500 with all but $100 suspended, plus court costs. Lovato had a prior disorderly conduct charge, of which the District Court was aware, arising from an altercation with a police officer. He had received a deferred imposition of sentence for that offense. The deferral period had expired, and the charge had been dismissed. The District Court referred to the dismissed charge as a "prior" during the sentencing hearing and as a "conviction" in the written judgment. Lovato

2

appeals his sentence, arguing that the District Court abused its discretion and that the sentence was based on misinformation in violation of his due process rights.

¶4 We review sentences of less than one year of incarceration for legality and abuse of discretion. *State v. Hafner*, 2010 MT 233, ¶ 13, 358 Mont. 137, 243 P.3d 435. "A district court abuses its discretion when it acts 'arbitrarily without conscientious judgment'" or when its actions exceed the bounds of reason. *State v. Green*, 2012 MT 87, ¶ 9, 364 Mont. 515, 276 P.3d 929 (quoting *State v. Hernandez*, 2009 MT 341, ¶ 7, 353 Mont. 111, 220 P.3d 25). Due process challenges arising from sentencing present questions of law, which we review de novo. *State v. Simmons*, 2011 MT 264, ¶ 9, 362 Mont. 306, 264 P.3d 706.

¶5 A sentencing court "may consider any relevant evidence relating to the defendant's character, history and mental condition, and any evidence the court deems has 'probative force.'" *Simmons*, ¶ 11 (quoting *State v. Collier*, 277 Mont. 46, 63, 919 P.2d 376, 387 (1996)); *see also State v. Rosling*, 2008 MT 62, ¶ 72, 342 Mont. 1, 180 P.3d 1102; *Williams v. New York*, 337 U.S. 241, 247, 69 S. Ct. 1079, 1083 (1949). A defendant has a due process right "to explain, argue, and rebut any information which may lead to a deprivation of life or liberty." *Simmons*, ¶ 11. Due process guarantees against a sentence predicated on misinformation. *Simmons*, ¶ 11. Misinformation will justify relief from a sentence only if that sentence was based on "materially false" assumptions concerning the defendant's criminal record or on "misinformation of constitutional magnitude." *Bauer v. State*, 1999 MT 185, ¶ 20, 295 Mont. 306, 983 P.2d

3

955 (quoting *Townsend v. Burke*, 334 U.S. 736, 741, 68 S. Ct. 1252, 1255 (1948), and *United States v. Tucker*, 404 U.S. 443, 447, 92 S. Ct. 589, 592 (1972)).

¶6      Lovato argues on appeal that the District Court erroneously believed that he had a prior conviction and relied on this belief during sentencing. He points to the court's referring to his dismissed charge as a "prior" and as a "conviction." He emphasizes that the sentence he received from the District Court on de novo appeal was harsher than the monetary fine the City Court had imposed.

¶7      Lovato is correct that a charge dismissed pursuant to a deferred imposition of sentence is not a conviction. *See State v. Tomaskie*, 2007 MT 103, ¶ 12, 337 Mont. 130, 157 P.3d 691 ("A conviction does not occur until sentence is imposed."); *State v. Gladue*, 209 Mont. 235, 240, 679 P.2d 1256, 1259 (1984) (holding that if a "prior, expired and unrevoked deferred sentence should [have been] dismissed pursuant to § 46-18-204, MCA, . . . then the defendant has no 'conviction.'"). Lovato also is correct that the record establishes that his disorderly conduct charge was dismissed after expiration of the deferral period. Upon review of the complete sentencing record, however, we conclude that the District Court did not rely on materially false information in determining his sentence.

¶8      Although the District Court mischaracterized the dismissed charge as a prior conviction, all of the factual information the court considered during sentencing was accurate. When the District Court raised the prior disorderly conduct charge, the prosecutor informed the court that "[t]here was a deferred imposition of sentence for disorderly conduct in justice court as part of a plea agreement to wrap up three charges;"

4

the prosecutor elaborated that "there was a plea agreement where he pled no contest to disorderly conduct in exchange for the State dismissing charges for resisting arrest and obstructing a peace officer." Lovato's defense attorney also explained that "[t]he only criminal history that he has is this disorderly conduct conviction that was dismissed pursuant to a deferred sentence." When the court later asked for clarification on whether the current offense had occurred during the time of the deferral for the disorderly conduct charge and whether the disorderly conduct charge was in fact dismissed, defense counsel explained that the deferred sentence had been dismissed from Lovato's public records, and the prosecutor informed her that the county was aware of the current prosecution and had not filed any new charges. The District Court responded, "[v]ery well," and did not discuss the issue any further during the hearing.

¶9 As the recitation of the record above shows, all of the factual information presented to the District Court was accurate, despite any mischaracterization of the dismissed charges by the court. Further, after the discussions about Lovato's prior criminal record, the court went on to explain in detail the reasoning behind the sentence, which did not include a reference to the dismissed charge. The court focused on the facts that Lovato had had a long career as a journalist and he knew and understood the limitations of free speech protections; that he knew how to use the civil legal system to resolve the dispute and that he in fact successfully pursued a claim against his landlord in the Small Claims Division of the Lake County Justice Court; that the e-mails, texts, and voicemails he sent were frightening, especially those regarding his landlord's mother-in-law, wife, and daughter; and that Lovato did not seem to understand that his

5

threatening words had an impact. In addition, the District Court referenced various instances of Lovato's lack of respect for the court throughout trial and during his testimony. Under these circumstances, the sentence was not based on "materially false" assumptions concerning Lovato's criminal record. *Bauer*, ¶ 20 (quoting *Townsend*, 334 U.S. at 741, 68 S. Ct. at 1255).

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no issues of first impression, and does not establish new precedent or modify existing precedent. We conclude that the District Court did not abuse its discretion in sentencing Lovato and that the sentence did not violate due process. The District Court's judgment is affirmed.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR